# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSE DESRAVINES, ROOSEVELT
DESRAVINES and GISLENE LAURORE,

        **Plaintiffs,**

-vs-                            Case No.  6:10-cv-0851-28GJK

ORANGE COUNTY SHERIFF'S OFFICE,
OFFICER RICHARD PEREZ, JC PENNEY
CORP. INC., JOSE GONZALEZ, JOAN
ALKEMA, WFTV, INC., STATE
ATTORNEY'S OFFICE, KELLY
BARBARA HICKS, JUDGE MARTHA C.
ADAMS, JUDGE JERRY L. BREWER,
UMANSKY LAW FIRM, P.A., GARY
SCHWARTZ, JOHN DOES and JANE
DOE,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO VACATE JUDGMENT AND AMEND DISMISSAL ORDER TO PROVIDE FOR LEAVE TO AMEND COMPLAINT (Doc. No. 53)** |
| **FILED:** | **July 18, 2011** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

1

**BACKGROUND**

On November 29, 2010, Plaintiffs, Jose Desravines, Roosevelt Desravines and Gislene Laurore filed an Amended Complaint against the Orange County Sheriff's Office ("Orange County Sheriff's Office"); Officer Richard Perez ("Officer Perez"), in his professional and individual capacity; J.C. Penney Corporation, Inc. ("J.C. Penney"); Jose Gonzalez ("Gonzalez"), in his professional and individual capacity; Joan Alkema ("Alkema"), in her professional and individual capacity; WFTV, Inc. ("WFTV"); State Attorney's Office ("State Attorney's Office"); Prosecutor Kelly Barbara Hicks ("Prosecutor Hicks"), in her professional and individual capacity; Judge Martha C. Adams ("Judge Adams"), in her professional and individual capacity; Judge Jerry L. Brewer ("Judge Brewer"), in his professional and individual capacity; the Umansky Law Firm, P.A. ("Umansky Law Firm"); Gary Schwartz, Esq. ("Schwartz"), in his professional and individual capacity; John Does and Jane Doe (sometimes collectively referred to as "Defendants"). Doc. No. 10.

Plaintiffs allege civil rights violations and state tort claims arising out of their arrests for theft from J.C. Penney. Doc. No. 10. The crux of Plaintiffs' claims is that they were falsely accused of shoplifting by J.C. Penney based on "perjurious affidavits" filed by Officer Perez, Alkema and Gonzalez. Doc. No. 10 at 7, ¶ 22. As a result of the false affidavits, Plaintiffs allege they were falsely arrested and charged with child abuse, retail theft, contributing to the delinquency of a minor, obstruction by false information and neglect of a child. Doc. No. 10 at 7, ¶ 23. Plaintiffs further allege that WFTV conspired with Officer Perez, Alkema and Gonzalez by publishing their photographs and charges to slander their reputations. Doc. No. 10 at 7-8, ¶ 30.

In connection with their arrests and charges, Plaintiffs allege they were strip searched, the original charges dismissed and, instead, they were charged with petit theft.  Doc. No. 10 at 10, ¶ 32-33.  As to Defendant, Gislene Laurore, the State filed a nolle prosequi, Roosevelt Desravines accepted a plea bargain involving pre-trial diversion and Jose Desravines went to trial before Judge Adams, represented by Schwartz and prosecuted by Prosecutor Hicks.  Doc. No. 10 at 10-11, ¶¶ 34-35.  The essence of Plaintiffs' complaint about Jose Desravines' trial is summed up in the following allegation:  Judge Adams, Prosecutor Hicks and Schwartz "conspired . . . to use deceptive or reprehensible methods to persuade either the jury or the justice system by lying, and introduce false evidence to the jury and suppressed evidence that tend to prove the innocence of Jose [Desravines] . . . Just to obtained [sic] a wrongful conviction . . . ."  Doc. No. 10 at 14, ¶ 53.

Plaintiffs allege that Roosevelt Desravines was kicked out of pre-trial diversion by Prosecutor Hicks and that Judge Brewer subsequently coerced him into accepting a guilty plea and also issued a bench warrant for his arrest after being eight minutes late to court.  Doc. No. 10 at 15, ¶¶ 60-61.  As a result of these alleged wrongs, Plaintiffs filed suit alleging five separate 42 U.S.C. § 1983 violations, malicious prosecution, assault, conversion, and intentional infliction of emotional distress.[1]  Doc. No. 10.  Defendants filed motions to dismiss.  Doc. Nos. 15, 30, 31, 39, 44.  Subsequently, Plaintiffs filed a Motion for Leave To Reserve [sic] the Amended Complaint Upon Defendants [J.C. Penney], Jose Gonzalez, Joan Alkema, [Officer] Perez, and Orange County Sheriff's Office.  Doc. No. 49.

On June 7, 2011, this Court entered a report and recommendation on Defendants' motions to dismiss.  Doc. No. 50.  In relevant part, the undersigned recommended that Jose

---

[1]  It appears that the only claim asserted against WFTV was intentional infliction of emotional distress.

Desravines' claims be "dismissed because the Court is without jurisdiction under *Heck [v. Humphrey's*, 512 U.S. 477 (1994)].  Doc. No. 50 at 12.[2]  As to the claims against Judge Adams, Judge Brewer, Prosecutor Hicks and the State Attorney's Office, the undersigned recommended the claims be dismissed because they were immune from suit.  Doc. No. 50 at 13.  Similarly, it was recommended that the claims against Officer Perez be dismissed under the doctrine of qualified immunity.  Doc. No. 50 at 15.  Based on the allegations in the Amended Complaint, the undersigned also recommended that the claims against the Orange County Sheriff's Office, WFTV, Schwartz and the Umansky Law Firm because Plaintiffs could not state a cause of action against them.  Doc. No. 50 at 16-18.  Finally, the undersigned recommended that the claims against J.C. Penney, Gonzalez and Alkema be dismissed without prejudice because Plaintiffs failed to serve them with the Amended Complaint within 120 days of filing it.  Doc. No. 50 at 18.

On July 1, 2011, the District Court noted that Plaintiffs did not file any objections and adopted the report and recommendation, granting the motions to dismiss (hereafter "Order").  Doc. No. 52 at 1-2.  The District Court also denied Plaintiff's motion to re-serve their Amended Complaint on J.C. Penney, Gonzalez, Alkema and Officer Perez.  Doc. No. 52 at 2.  Finally, the District Court declined to exercise "supplemental jurisdiction over the remaining state law claims asserted by Plaintiffs" and directed the Clerk to close the case.  Doc. No. 52 at 2.

On July 18, 2011, Plaintiffs filed a "Motion to Vacate Judgment and Amend Dismissal Order to Provide for Leave to Amend Complaint" (hereafter "Motion").  Doc. No. 53.  Plaintiffs move pursuant to Rule 59(e), Federal Rules of Civil Procedure, to "vacate the judgment" and

---

[2] The undersigned also noted that the Court lacked jurisdiction under the *Rooker-Feldman* doctrine.  Doc. No. 50 at 12 n.7.

amend the order of dismissal "to provide for leave to amend the Complaint." Doc. No. 53 at 1.

In the Motion, Plaintiffs assert they never received the report and recommendation and only first

learned about it when they received the order adopting the report and recommendation and

closing the case. Doc. No. 53 at 7. Plaintiffs contend they "went to the clerk of court to find out

why the court dismissed the Case" and were told that a "report and recommendation [was]

previously filed and sent to plaintiffs it was at the [sic] time that Plaintiffs received a copy of the

report and recommendation from the clerk of the court." Doc. No. 53 at 7, ¶ 14.

Plaintiffs indicate that the District Court "entered its final order dismissing Plaintiffs'

claims for lack of subject matter jurisdiction" after finding Plaintiffs did not sufficiently allege

their theories of Constitutional violations, but "did not specify whether the dismissal was with or

without prejudice." Doc. No. 53 at 7, ¶ 15. Plaintiffs assert that "if the Clerk had not entered

judgment and terminated the case, Plaintiffs would have been free to amend their Complaint as a

matter of right or move the court for a leave to amend under Federal Rule of Civil Procedure

15(a)." Doc. No. 53 at 8, ¶ 16. However, because the "Clerk did enter judgment and terminate

the case, Plaintiffs cannot amend as of right to immediately move for leave to amend; instead,

they must first move for relief from the judgment under Rule 59(e)." Doc. No. 53 at 8, ¶ 17.

Relying on Rule 15(a), Federal Rules of Civil Procedure, Plaintiffs contend that leave to

amend should be freely given "[u]nless it is certain from the face of the complaint that any

amendment would be futile or otherwise unwarranted . . . ." Doc. No. 53 at 8, ¶ 18. Plaintiffs

assert that if granted leave to file an amended complaint they "will address the concerns

identified in the Court's dismissal order by:"

1. Identifying legislative action that impaired Plaintiffs' constitutional rights to protection of property and freedom from unreasonable search and seizure;

2. Adding state actors whose legislative acts impaired Plaintiffs' constitutional rights;

3. Identifying actions that some or all Defendants took before and after the Amended Complaint was filed that violated Plaintiffs' procedural due process rights by depriving them of property without notice and an opportunity to be heard; and

4. Adding allegations that Defendants' actions and the resultant foreseeable consequences "'shock the conscience' for substantive due process purposes."

Doc. No. 53 at 9, ¶ 19. As a result, Plaintiffs request an order vacating the judgment of dismissal, reinstating the case, amending the order of dismissal to indicate that it was without prejudice and allowing Plaintiffs to file a second amended complaint. Doc. No. 53 at 9.

## II.   STANDARD OF REVIEW

Rule 59(e), Federal Rules of Civil Procedure, provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The only basis for granting a Rule 59 motion is newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Rule 59(e) is the proper procedural vehicle to request a judgment that dismisses a complaint with prejudice be modified to provide for leave to file an amended complaint. The decision to grant or deny such a motion is reviewed for an abuse of discretion. *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). The question is not whether the appellate court would have granted leave to amend, "but whether the district court abused its discretion by not granting a leave to amend **under the circumstances of the**

**present case**." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) (emphasis added).

## III.    ANALYSIS

Two issues must be resolved in deciding the Motion.  The first issue is determining what claims, if any, were dismissed with prejudice.  The second issue is whether Plaintiffs have met the Rule 59(e) standard to amend the Order and obtain the relief they request.

### A.  Dismissal With or Without Prejudice

With the exception of the claims against J.C. Penney, Gonzalez and Alkema, the Order does not indicate whether the claims were dismissed with or without prejudice.  Doc. No. 50 at 18-19.[3]  Generally, an involuntary dismissal is as an adjudication on the merits, unless the order of dismissal states otherwise.  Fed. R. Civ. P. 41(b).  However, an order of involuntary dismissal for lack of jurisdiction, improper venue or failure to join a party under Rule 19 is not an adjudication on the merits.  *Id.*  A dismissal of a Section 1983 suit for failure to state a claim upon which relief can be granted is a dismissal for lack of jurisdiction under Rule 41(b).  *Carter v. Telectron, Inc.*, 554 F.2d 1369, 1370 (5th Cir. 1977).

The claims against Judge Brewer, Judge Adams, Prosecutor Hicks, State Attorney's Office, Orange County Sheriff's Office and Officer Perez were dismissed because the District Court found these defendants were entitled to immunity.  *See* Doc. No. 50 at 13-16.  Both judicial and qualified immunity are affirmative defenses that do not divest the court of subject matter jurisdiction.  *See Mordkofsky v. Calabresi*, 159 Fed. Appx. 938, 939 (11th Cir. 2005) (judicial immunity is an affirmative defense that does not divest the court of subject matter

---

[3]  The Order expressly indicated the claims against J.C. Penney, Gonzalez and Alkema were dismissed without prejudice.  Doc. No. 50 at 18-19.

jurisdiction); *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) (qualified immunity is an affirmative defense that must be pled or it is waived). Consequently, these claims necessarily had to be dismissed with prejudice.

Jose Desravines' claims were dismissed as *Heck* barred. When a court dismisses pursuant to *Heck*, it is a dismissal for lack of subject matter jurisdiction and without prejudice. *See Esensoy v. McMillan*, 2007 WL 257342 at *1 (11th Cir. Jan. 31, 2007) (affirming dismissal of complaint for lack of subject matter jurisdiction based on *Heck*). The claims against WFTV were dismissed because Plaintiffs failed to allege any of the factors to show that WFTV was a state actor and, thus, failed to allege a necessary element of their Section 1983 claim. Doc. No. 50 at 17. Similarly, the claims against Schwartz and Umansky Law Firm were dismissed because they were not state actors and, therefore, "Plaintiff cannot state a claim against [them] under Section 1983 in federal court." Doc. No. 50 at 18. Failing to state a claim upon which relief can be granted is a dismissal for lack of jurisdiction and necessarily without prejudice. *See Carter*, 554 F.2d at 1370.

**B. Rule 59(e)**

One of the bases Plaintiffs advance for granting the relief they request in the Motion is that they did not receive the report and recommendation. This Court directed the Clerk of the Court to furnish a copy of the report and recommendation to Plaintiffs. *See* Doc. No. 50 at 19. The Clerk's notes indicate that the report and recommendation was mailed to Plaintiffs and was not returned as undelivered. Thus, a rebuttable presumption arises that Plaintiffs received the report and recommendation. *See Wall v. Wall*, 392 Fed. Appx. 778, 779 (11th Cir. 2010). To rebut this presumption, Plaintiffs have merely offered their unsubstantiated denial. This is

insufficient.  *See id.* (bare assertion that report and recommendation was not received insufficient to overcome presumption); *In re Farris*, 365 Fed. Appx. 198, 200 (11th Cir. 2010) (party must present evidence to rebut presumption, mere denial is insufficient).  Consequently, this is not a basis to grant the Motion.

Plaintiffs also contend they can amend their Amended Complaint to address the concerns set forth in the Order.  However, a party requesting leave to amend "'should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'" *Rance v. Winn*, 287 Fed. Appx. 840, 841 (11th Cir. 2008).  Plaintiffs have done neither.  It is not an abuse of discretion to deny a party leave to amend when they have not complied with this procedure. *Id.*  Even assuming Plaintiffs complied with this requirement, any amendment would be futile. *See Vanderberg*, 259 F.3d at 1326 (court does not abuse its discretion in denying a motion to amend when the amendment is futile).

The allegations Plaintiffs identified above would not change the underlying basis of the suit:  their alleged wrongful arrest, detention and prosecution.  As the District Court found in its Order, these facts cannot sustain Plaintiffs' claims against Judge Adams, Judge Brewer, Prosecutor Hicks, the State Attorney's Office, Officer Perez, the Orange County Sheriff's Office because they are immune from suit.  *See* Doc. No. 50 at 13-16.  The additional allegations Plaintiffs identified also would also not change the fact that *Heck* strips the Court of jurisdiction to pass upon Jose Desravines' claims.  *See* Doc. No. 50 at 10.  Plaintiffs' additional allegations also do not address their failure to allege that WFTV, Schwartz and the Umansky Law Firm acted under the color of state law.  *See* Doc. No. 50 at 17-18.  Consequently, there simply is no basis upon which to find that Plaintiffs can allege colorable claims against the Defendants.

Plaintiffs have not sustained their burden to amend the Order pursuant to Rule 59(e) or to be granted leave to amend.  It is **RECOMMENDED** that the Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) calendar days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **The Clerk is directed to send a copy of this report and recommendation to Plaintiffs by Certified Mail.**

**Recommended** in Orlando, Florida on November 4, 2011.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable John Antoon
Counsel of Record
Unrepresented Parties by **Certified Mail**.